STATE of South Dakota, Commission on Human Rights, ex rel. Nancy WEBB, Appellant,

v.

PIERRE INDEPENDENT SCHOOL DISTRICT NO. 1 and Time Insurance Company, Respondents.

No. 12392.

Supreme Court of South Dakota.

Dec. 7, 1978.

Lori Scully, Asst. Atty. Gen., Pierre, for appellant; William J. Janklow, Atty. Gen., B. Elizabeth Godtland, Asst. Atty. Gen., Pierre, on the brief.

Harold H. Deering of May, Adam, Gerdes & Thompson, Pierre, for respondent Pierre Ind. School Dist.

Robert C. Riter, Jr., of Riter, Mayer, Hofer & Riter, Pierre, for respondent Time Ins. Co.

ANDERST, Circuit Judge.

This is an appeal from a judgment of the circuit court which reversed an order of the Human Rights Commission (Commission). The Commission concluded that excluding benefits for pregnancy and pregnancy-related disabilities under a single plan coverage of group health insurance and treating pregnancy differently from other temporary disabilities constitute illegal sex discrimination under the South Dakota Human Relations Act of 1972 (SDCL 20–13) and the Commission's rules (ARSD 20:03:09:12). The circuit court ruled that the Commission's order was affected by an error of law and that, as a result, the Commission had acted in excess of its statutory authority and in violation of statutory provisions. We affirm.

Briefly, the facts as stipulated to by the parties are as follows: Nancy Webb was employed as a teacher by the Pierre Independent School District No. 1 (school district). She was insured under a group health policy carried by the school district with Time Insurance Company (Time). The group policy provided two categories of coverage: (1) single plan coverage, and (2) family plan coverage. Under the single plan, only the insured received coverage. The single plan coverage, however, did not include pregnancy and pregnancy-related disabilities. Pregnancy benefits were available under the group policy through the family plan which provided full coverage for the insured and the insured's dependents at a higher premium.* Webb chose the single plan coverage.

Webb, who was married, suffered a miscarriage in August of 1975. She thereafter submitted a claim to Time seeking payment for the medical and hospital charges incurred as a result of the pregnancy. Time denied benefits upon the ground that the single plan coverage excluded any coverage for pregnancy and pregnancy-related disabilities.

A complaint was then filed with the Commission. After a full hearing, the Commission ordered Time to pay Webb all expenses of her miscarriage and to cease and desist from the discriminatory and unfair practice of excluding pregnancy and pregnancy-related disabilities from the single plan coverage. On appeal, the circuit court ordered the Commission to vacate its order and to enter a finding that Webb was not discriminated against because of her sex.

The state raises two issues on appeal as follows: (1) the circuit court erred in holding that the Commission acted in violation of statutory provisions and (2) the circuit court erred in holding that a single plan coverage which exempts pregnancy and pregnancy-related disabilities from coverage does not constitute sex discrimination in violation of SDCL 20–13–10. Similar issues were considered and resolved by this court in *State ex rel. Ewing v. Prudential Ins. Co. of America*, 1978, S.D., 273 N.W.2d 111, and we deem the same to be dispositive of this case.

---

* Such benefits were also available under the policy if both husband and wife were employees of the school district. It was stipulated that Webb's husband was not employed by the school district.

■ Regarding the first issue, we have concluded that the Commission exceeded its statutory authority by adopting the administrative rule embodied in ARSD 20:03:09:12(2). *Ewing*, supra. Therefore, the circuit court properly held that the Commission acted in violation of statutory provisions.

We refer to the *Ewing* case for resolution of the second issue. We concluded therein that the provision of employee-only coverage in a group health insurance policy which excludes maternity benefits does not constitute sex discrimination in violation of SDCL 20–13–10. *Ewing*, supra.

■ In the *Ewing* case, the insured was an unmarried female who was precluded from obtaining maternity benefits under all schemes of policy coverage. We found "no indication that failure to include  *  *  * single persons in the maternity benefits coverage within the group health plan *  * was in any way a pretext for discrimination *  *  * on the basis of sex." *Ewing*, supra at 115. In this case, we are not faced with the *Ewing* contrast of marital status resulting in absolutely no coverage for single persons under any circumstances. Here we consider a married person who voluntarily chose the single plan coverage which excluded maternity benefits. Had she elected coverage under the family plan available to her, maternity benefits would have been payable to her. Thus, this case presents no discrimination on the basis of sex *or* marital status.

The judgment of the circuit court is affirmed.

All the Justices concur.

ANDERST, Circuit Judge, sitting for PORTER, J., disqualified.

